Minna **KAMENS**, Plaintiff,

v.

**CHASE MANHATTAN MORTGAGE AND REALTY TRUST, and the Chase Manhattan Bank, N. A., Defendants.**

**No. 76 Civ. 4326(HFW).**

United States District Court, S. D. New York.

Oct. 26, 1977.

---

Kreindler & Kreindler, New York City, by Ronald Litowitz, Stephen J. Phillips, New York City, of counsel, for plaintiff.

Milbank, Tweed, Hadley & McCloy, New York City, by Adlai S. Hardin, Jr., Sharon W. Lindsay, New York City, of counsel, for The Chase Manhattan Bank.

Simpson, Thacher & Bartlett, New York City, by Charles E. Koob, New York City, of counsel, for Chase Manhattan Mortg. and Realty Trust.

## MEMORANDUM DECISION

WERKER, District Judge.

Defendant Chase Manhattan Bank, N.A. (the "Bank") has moved to dismiss Count II of the amended class action complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that this claim is beyond the scope of the Court's pendent jurisdiction and that it fails to state a claim upon which relief can be granted. The Rule 12(b)(6) aspect of the motion need not be considered, since I decline to exercise pendent jurisdiction.

Plaintiff and the members of the class which she represents purchased shares of Chase Manhattan Mortgage and Realty Trust (the "Trust") between September 28, 1973 and April 15, 1975. The Trust shares were publicly sold and traded on the New York Stock Exchange. The Bank served from the time of the Trust's formation as investment adviser to the Trust. The Trust's business consisted primarily of investments in the form of short-term construction loans, loans for land development, real estate term loans and second mortgages.

Suing as a shareholder in her own right, plaintiff asserts two bases for liability: violation by the Trust and the Bank of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (and Rule 10b–5 promulgated thereunder), and breach of a common law fiduciary duty running directly from the Bank to the shareholders of the Trust. Jurisdiction of the federal securities claim is asserted under 15 U.S.C. § 78aa; jurisdiction of the common law claim is asserted pursuant to principles of pendent jurisdiction.

The motion to dismiss is aimed solely at the common law claim. Defendant argues first that plaintiff has no standing to sue in her own right since the Bank's alleged duty could run only to the Trust. Defendant also argues that under the standards announced in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the court should not exercise pendent jurisdiction as to the common law claim.

The Supreme Court, in *Gibbs*, observed that a federal court may exercise pendent jurisdiction over a state claim if the federal claim has substance and the federal and state claims "derive from a common nucleus of operative fact." 383 U.S. at 725, 86 S.Ct. at 1138. But even if this "common nucleus" is shown, the Court, in its discretion, need not take jurisdiction of the state claim when "judicial economy" would not be furthered, or the result would not be one of "convenience and fairness to litigants." 383 U.S. at 726, 86 S.Ct. 1130.

In order to determine if plaintiff's claims share the requisite "common nucleus of operative fact," it is necessary to examine somewhat more closely the facts alleged in the state and federal claims. In the amended class action complaint, plaintiff alleges that the apparent financial success of the Trust in 1971, 1972 and early 1973 was followed, first, by a leveling of income in late 1973 and 1974 and, then, by large losses in 1975. Plaintiff further alleges that these losses would have led to insolvency had the Trust not been able to renegotiate loans in a manner permitting it to reorganize. Plaintiff contends that the Trust and the Bank violated Section 10(b) and Rule 10b–5 through misleading accounting procedures and by not disclosing the degree of risk involved in the Trust's investment and loan program.

The Bank alone is involved in the common law claim, which rests on the theory that the trustees of the Trust, by their actions, delegated their management responsibilities to the Bank, which—as a consequence—owed a direct fiduciary duty to the shareholders of the Trust. Plaintiff alleges that this duty was breached when the Bank (motivated by a desire to increase its advisory fees) imprudently caused the Trust to invest in high risk real estate ventures which did not meet the Bank's standards for its own portfolio. It is also alleged that the Bank negligently monitored loans made by the Trust.

A similar case, decided recently in this district, suggests that plaintiff has not shown the necessary common nucleus. In *Magid v. Mortgage Growth Investors*, [1976–1977] Fed.Sec.L.Rep. (CCH) ¶ 95,673 (S.D.N.Y.1976), the defendants were, as here, a real estate investment trust and its investment advisor. Similarly, the first claim in that case alleged a section 10(b) violation for failure to disclose the deteriorating financial condition of the defendant trust. The second claim alleged a breach of fiduciary duty consisting of a failure to sell certain trust assets. This failure was supposedly motivated by a desire to maintain the profits of affiliate corporations. In dismissing the second claim for lack of subject matter jurisdiction, Judge Owen observed as follows:

> [A]lthough both of plaintiff's claims arise in the same context, I do not find that they derive from a common nucleus of operative fact. *United Mine Workers of America v. Gibbs*, 383 U.S. supra, at 725, 86 S.Ct. 1130. The first claim, a proposed class action, questions the accuracy of financial reports; the second brought derivately, involves investment policy . . . I find that each claim involves substantially different factual issues and decline to exercise pendent jurisdiction.

*Magid v. Mortgage Growth Investors*, at 90,313. The claims here, like the claims in *Magid*, arise in the same general context. Thus, the facts on which both the federal and state claims are based *include* the fact that certain loans were made by the Trust and the fact that certain funds were lost when these loans went sour. But this alone is not enough to form a common nucleus. Many additional facts would need to be shown in order to recover on either the federal or the state claim. Although these facts are just as central to recovery as facts about loans made and losses incurred, they are not relevant to both of plaintiff's

claims. For example, in order to recover on the federal securities claim, plaintiff will need to establish the degree of disclosure which was made and the accounting procedures which were followed, among other things. On the common law claim, plaintiff will want to establish that the Trust was mismanaged, and will presumably explore such areas as the Bank's relationship with the Trust and the degree of risk involved in the investments made. The fact that the loans were made and that the Trust fared badly with them does not constitute sufficient common ground to be termed a "common nucleus" in view of the factual complexity of these issues, which are peculiar to only one of the two claims. Even if this were not so, the Court can decline to exercise pendent jurisdiction in the interest of fairness to the litigants and judicial economy since the state claim involves but one of the defendants and would require a great deal of trial time.

SO ORDERED.